ALICE COLE, Plaintiff, *v.* MARCUS MILLER and Another, Defendants.

Municipal Court of New York, Borough of Queens, Fourth District, January 6, 1934.

*Schneider & Hertzoff* [*Jonathan Schneider* of counsel], for the plaintiff.

*Milton E. Schattman,* for the defendant Miller.

*A. Paul Loshen,* for the defendant Deckinger.

PETTE, J. In September, 1927, one Eaton executed a bond and mortgage to the defendant Max Deckinger, who assigned it to plaintiff a few days later. Together with the assignment defendants executed an instrument guaranteeing payment of the mortgage at its purchase price to plaintiff. Plaintiff now sues upon the guaranty to recover $735, the amount alleged to be due upon the bond and mortgage.

The main contention of the defense is that this action is barred by the recently enacted Mortgage Moratorium Law (Laws of 1933, chap. 793), in effect August 26, 1933, continuing to July 1, 1934, which is now a part of the Civil Practice Act as sections 1077-a to 1077-g.

Interest upon the principal has been paid. With respect to taxes, the defendant moved upon the trial to amend the answer, upon information and belief, to the effect that they had been paid. The motion was granted without objection, but no proof was offered either showing payment or non-payment. The burden

was on plaintiff to prove non-payment in order to maintain this action.

It is common knowledge that the statutes in question were prompted by a serious emergency which the preamble to said statutes declares does, in fact, exist. Shortly after its enactment the constitutionality of the law was sustained as a valid exercise of legislative powers in a luminous opinion rendered by UNTERMYER, J., in *McCarthy* v. *Prudence Bonds Corp.* (149 Misc. 13).

We are here dealing merely with a guaranty of payment of the principal secured by individual bond and mortgage which have not been divided into shares or the well-known mortgage certificates issued by title companies.

Section 1077-a of the Civil Practice Act, forbidding the foreclosure of a mortgage for the non-payment of principal or any installment thereof, does not affect the rights of the mortgagee for the non-payment of interest, taxes and other usual carrying charges.

So far as applicable here, section 1077-b of the Civil Practice Act provides, in its first sentence: " No action shall be maintainable or judgment shall be entered during such emergency, upon any loan, indebtedness, bond, extension agreement, collateral bond, or other evidence of indebtedness or liability, whether or not such indebtedness or liability shall have been thereafter reduced, extended or modified, if the indebtedness originated or was originally contracted for simultaneously with such mortgage and is secured solely by such mortgage, or upon any guaranty of payment of the principal or installment of principal of any mortgage within the scope of section ten hundred seventy-seven-a or upon a guaranty of any obligation secured by such mortgage, so long as no action or proceeding shall be maintainable to foreclose such mortgage."

Plaintiff seeks to justify this action under the first part of the first sentence of the above-quoted section, claiming that since the guaranty was not simultaneous with the execution of the mortgage, but was given ten days later, this action is excluded from the compass of the statute. The position is untenable since the first part of said section has no reference to a guaranty of payment. It is the second portion of the first sentence which plainly governs such a guaranty.

Plaintiff cannot foreclose the mortgage upon the facts, because of the express inhibition of section 1077-a of the Civil Practice Act. And that being so, she may not sue upon the guaranty of the payment of the mortgage which cannot be foreclosed, by virtue

of the provisions of section 1077-b of the Civil Practice Act, above discussed.

I have been considerably assisted in the examination of the question hereby decided by the able briefs of counsel, submitting other legal propositions, but in view of the determination I have. reached, it becomes unnecessary to pass upon them.

It is, therefore, held that this action is not maintainable and the complaint is dismissed.